Francis X. Conlon, J.
Although the sale price, rather than the assessed valuation, must ordinarily be used as the valuation base, this is not mandatory if the sale was not ‘1 at arm’s length ’ ’ or was affected by ‘ ‘ special circumstances ’ ’. In the instant case, the evidence established (1) that Eellstab, the present owner of the stock of the landlord corporation, acquired the same by purchases of one half from one stockholder, on November 30, *870 1954, and the other half from the other stockholder, on April 19, 1955; (2) that both sellers had been close personal friends of Rellstab for about 25 years and still are; (3) that one of the sellers had been Rellstab’s superior officer in the United States Army during World War II; (4) that the sellers, who are men of considerable means, had sold their stock, as well as the mortgages and notes relating to the property, to Rellstab “ at their original cost ”; (5) that Rellstab was the broker who had assembled the land for the apartments in 1939 and 1940; and (6) that Rellstab had arranged the initial financing, assisted in the supervision of the erection of the building, and had been the sole renting agent and managing agent ever since, as well as being the insurance broker from the very start. He had been elected a director by the sellers, Rockefeller and Todd.
This evidence was wholly uncontradicted. It permitted the Rent Administrator to find that the sale was not “ at arm’s length ” but rather one where wealthy, close personal friends of Rellstab decided to turn over the property to him at their original cost. The Administrator might also find, on this evidence, that special circumstances existed which rendered the prices paid by Rellstab, at times almost half a year apart, for separate half interests in the property, of little worth as indices of the value of the property. In this connection it is pertinent to quote the definition of “at arm’s length” in Funk & Wagnall’s New Standard Dictionary: “At an unfriendly distance, as by cold or distant treatment ”.
Other evidence submitted by the landlord tends to confirm the view that Rockefeller and Todd, in conveying the property to Rellstab at their original cost, did not attempt to obtain what they considered to be the market value thereof. Thus, only a few days after Rellstab had acquired the property and the mortgages and notes for about $205,000, the Metropolitan Life Insurance Company took a first mortgage of $180,000 on the property — an indication of an appraised value of about $300,000. The assessed valuation is $370,967.26.
In these circumstances, the court is unable to hold that the Rent Administrator’s determination that the sale was not at arm’s length and, in addition, was affected by special circumstances, was arbitrary, whimsical or capricious. On the contrary, there is substantial evidence to support it. As the court may not substitute its judgment for that of the Administrator, but may at most set aside his determination if it is without substantial .basis, this motion is denied.